IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-CR-00003-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. JOSHUA EASLEY

Defendant.

---

# PLEA AGREEMENT

---

The United States of America, by and through Brian Dunn, Assistant United States Attorney, and defendant, JOSHUA EASLEY, personally and through counsel, Matthew Belcher, Assistant Federal Public Defender, submit the following Plea Agreement in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B).

## I. AGREEMENT

### A. Defendant's Obligations

#### 1. Count of Conviction

The defendant agrees to plead guilty to the sole count of the Indictment charging a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition. The defendant also agrees to the entry of a forfeiture order and the waiver of certain appellate rights, as more fully described below.

#### 2. Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding

Court Exhibit

1

this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 12; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

3. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: .40 caliber Taurus

Model PT140G2 and ammunition seized on October 7, 2019. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

B. **Government's Obligations**

1. **Sentencing Position**

Provided that the guideline range is calculated consistent with or higher than the estimated range contained in this agreement, the government agrees to recommend a sentence at the low end of the guideline range as set forth in this plea agreement for criminal history category VI; however, the government is not bound to recommend any particular term of supervised release. Should Probation or the Court determine that the guideline range is lower than the range set forth in this plea agreement, the government reserves its ability to seek an upward variance to the extent necessary to achieve a sentence consistent with the sentencing range calculated in this agreement.

2. **Acceptance of Responsibility**

If the defendant engages in no conduct that otherwise implicates § 3C1.1, the government agrees that a 3 point reduction in the offense level for acceptance of responsibility, pursuant to § 3E1.1, is appropriate and agrees to make the appropriate

motion at sentencing.

C. **Effect of Withdrawal from Plea Agreement**

The parties stipulate and agree that the government may unilaterally withdraw from this Plea Agreement under any of the following circumstances: 1) if the defendant does not plead guilty to Count 1 of the Indictment; 2) if the Court does not accept the defendant's guilty plea; 3) if the defendant successfully withdraws his plea, either in the district court or on direct or collateral appeal; 4) if the defendant, at any time after judgment is entered, obtains dismissal, reversal or remand of the count(s) of conviction for any reason; or 5) if the Court rejects this Plea Agreement (or any part thereof), either before, during, or after sentencing.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense(s) to which this plea is being tendered are as follows:

*First*: The defendant knowingly possessed a firearm and ammunition;

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition;

*Third*: At the time he possessed the firearm and ammunition, the defendant knew that he had been convicted of such an offense; and

*Fourth:* Before the defendant possessed the firearm and ammunition, the firearm and ammunition had moved at some time from one state to another.

Note: The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon, or any firearm muffler or silencer, or destructive device.

## III. STATUTORY PENALTIES

Based on the defendant's criminal history known at this time, the maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the right to possess firearms, vote, hold elected office, and to serve on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to this Plea Agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense(s) of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the Plea Agreement.

The statement of facts herein does not preclude either party from presenting and

arguing, for sentencing purposes, additional facts or factors not included herein, which do not contradict the facts to which the parties have stipulated, and which are relevant to the guideline computation under § 1B1.3, or to the sentencing factors found in § 1B1.4, 18 U.S.C. § 3553(a), or to this Court's overall sentencing decision. In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." § 6B1.4 Comm.

The parties stipulate to the following facts: The defendant admits that on October 7, 2019, ATF TFO Brook Hathaway and parole officers were searching for the defendant in El Paso County, CO on an arrest warrant for, among other things, parole violations. Officers conducted surveillance and recognized the defendant as a passenger in a vehicle. Officers conducted a traffic stop. The defendant made noticeable furtive movements toward his feet during the stop. The defendant was arrested without incident and officers saw, in plain view, a loaded .40 caliber Taurus Model PT140G2 serial number SHN93360 on the passenger floorboard where the defendant had been sitting. The defendant was Mirandized and admitted to (1) possessing the firearm and (2) knowing he was a felon prohibited from possessing the firearm.

Prior to October 7, 2019, the defendant was convicted of felonies that were punishable by imprisonment for a term exceeding one year. At the time, the defendant possessed the firearm and ammunition, he knew that he had been convicted of a felony punishable by more than one year imprisonment, and thus knew that he was barred

from possessing a firearm. The handgun was functional and capable of firing. Before the defendant possessed the firearm and ammunition, the firearm and ammunition moved through interstate commerce.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of sentence in this case is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The defendant agrees and consents that facts that determine the offense level will be found by the Court, by a preponderance of the evidence, and that the Court may consider and use any reliable evidence, including hearsay and the facts outlined in the Presentence Report. The parties further agree that the stipulation of facts in this Plea Agreement will also be used by the Court in determining the sentencing guideline range.

The parties provide the following estimated guideline range for the Court's consideration pursuant to 18 U.S.C. § 3553(a)(4). The range and calculation of that guideline range is an estimate only, and the parties are not bound if the probation department determines that a different guideline range applies. Any estimation by the parties regarding the appropriate advisory guideline application does not limit the

positions the parties may take at sentencing on the appropriate sentence for the Court to impose; rather, those limits are set out in Part I of this Plea Agreement. The Court may impose any sentence, up to the statutory maximum, regardless of any advisory guideline range computed, and the parties agree that the Court is not bound by any position of the parties.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

To the extent the parties disagree about the estimated guideline sentencing factors, the computations below identify the factors which are in dispute. § 6B1.4(b).

**Offense Level**: The base guideline is § 2K2.1.

A. The base offense level is **14** because the defendant was a prohibited person at the time of the offense. § 2K2.1(a)(6).

B. No other specific offense characteristics, victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.

C. The total offense level is **14.**

D. Defendant should receive a decrease in the offense level by **-2** based upon his acceptance of responsibility. § 3E1.1(a).

E. The adjusted offense level is **12**.

**Criminal History Category**

F. The parties acknowledge and agree that the estimation regarding defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding defendant's criminal history, the parties believe that defendant falls within Criminal History Category ("CHC") **VI**. § 4A1.1.

G. The armed career criminal adjustments tentatively do not apply. § 4B1.1.

**Guideline Ranges**

H. The guideline range resulting from the estimated offense level of **12** and the estimated criminal history category of **VI** is **30-37** months imprisonment. However, the imprisonment range could be from 10months (bottom of CHC I) to 37 months (top of CHC VI).

I. Pursuant to § 5E1.2, assuming the estimated offense level of 12, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

J. Pursuant to § 5D1.2, if the Court imposes the term of supervised release, that term shall be at least 1 year but not more than 3 years.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements, (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 9-22-20

Joshua Easley
Defendant

Date: 9/28/2020

Matthew Belcher
Attorney for Defendant

Date: 9/29/20

/s Brian Dunn
Brian Dunn
Assistant U.S. Attorney